NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VALERIE MINGIONE,<br><br>                    Plaintiff,<br><br>       v.<br><br>NATIONAL RAILROAD PASSENGER<br>CORP., et al,<br><br>                    Defendants. | Civil Action No. 15-1466 (SRC)<br><br>OPINION |

**CHESLER**, District Judge

This matter comes before the Court upon Defendants' motion to dismiss pro se Plaintiff's Complaint. Plaintiff opposes the motions. The Court has considered the parties' submissions and proceeds to rule without oral argument. For the reasons set forth below, the Court will grant Defendants' motion and dismiss Plaintiff's Complaint without prejudice.

**I.   BACKGROUND**

The Court gathers the following facts from Plaintiff's Complaint and assumes them to be true for purposes of this motion only. The Court does not incorporate the facts set forth by Plaintiff in her supplemental certifications.[1]

On May 18, 2015, Plaintiff rode an Amtrak train that was traveling from Chicago, Illinois, to California. On that ride, an Amtrak employee, Antoine Bass ("Bass") falsely accused Plaintiff of stealing a wicker basket, and threatened to have Plaintiff removed from the train.

---

[1] In reviewing a motion to dismiss under Rule 12(b)(6), a court may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the complaint, and matters of public record. See Pittsburgh v. W. Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998).

1

Plaintiff explained to Bass that she was disabled and did not steal anything.  Plaintiff was not removed from the train.

In January of 2015, Plaintiff filed a three-count complaint in New Jersey state court against Defendants the National Railroad Passenger Corporation ("Amtrak") and Bass (collectively "Defendants").  In February of 2015, Defendants removed the case to Federal Court pursuant to 28 U.S.C. § 1331.  On March 6, 2015, Defendants moved to dismiss.

## II.   DISCUSSION

Plaintiff proceeds pro se and the Court thus holds her pleadings to a less stringent standard than those filed by attorneys.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  Nevertheless, to state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  To prevent dismissal of a claim, the complaint must show that the plaintiff is entitled to relief.  Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009).

Here, Plaintiff has failed to plead any plausible claim for relief.  The Court construes Count 1 of Plaintiff's Complaint as a claim for negligent infliction of emotional distress, which Plaintiff appears to endorse in her reply brief (docket entry 11, pp. 5-8).  To sustain that claim, Plaintiff must plead either that she observed the casualty of her close family member -- which she does not allege -- or that Defendants' negligence caused her "a reasonable fear of immediate personal injury" that caused "substantial bodily injury or sickness."   Jablonowska v. Suther, 948 A.2d 610, 617 (N.J. 2008).  Alleging only that Defendants accused her of stealing and threatened

2

to -- but did not attempt to -- remove her from the train, Plaintiff has not pleaded any facts which would give rise to a "reasonable" fear of immediate personal injury.  Plaintiff has also not pleaded that she suffered any substantial bodily injury or sickness as a result of such fear.

In Count 2, Plaintiff pleads that Defendants intentionally inflicted emotional distress upon her.  That claim requires Plaintiff to plead, among other things, that Defendants' conduct was extreme and outrageous.  Buckley v. Trenton Saving Fund Soc., 544 A.2d 857, 863 (N.J. 1988).  Falsely accusing someone of stealing a wicker basket and threatening to remove them from a train, however impolite or improper it may be, is simply not "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."  Id.

Last, Plaintiff asserts in Count 3 that Defendants violated the Americans with Disabilities Act by denying her the enjoyment of the train ride.  Plaintiff fails to plead information demonstrating that she is, in fact, plausibly covered under the ADA, that she was plausibly excluded from a right protected under that act, or that Defendants' conduct was based on a disability.  See generally 42 U.S.C. § 12132.  While the Court construes the Complaint in the light most favorable to Plaintiff, it need not accept a "legal conclusion couched as factual allegation," Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007), and in this instance, Plaintiff's third count amounts to a legal conclusion.

### III.   CONCLUSION

For these reasons, Plaintiff fails to state any plausible claim for relief, and the Court will accordingly dismiss the Complaint without prejudice.  An appropriate Order will be filed.

                                                 s/ Stanley R. Chesler
                                                 STANLEY R. CHESLER
Dated:  July 8, 2015                   United States District Judge